**Robbins Geller Rudman & Dowd LLP**

Boca Raton • Melville • San Diego
Chicago • Nashville • San Francisco
Manhattan • Philadelphia • Washington, D.C.

Andrew S. Love
alove@rgrdlaw.com

February 14, 2022

VIA ECF

Ms. Molly C. Dwyer, Clerk
United States Court of Appeals
  for the Ninth Circuit
95 – 7th Street
San Francisco, CA 94103

Re: *In re Yahoo! Inc. Customer Data Security Breach Litigation*,
Nos. 20-16633 and 20-16779
Response to Appellant McCain's 28(j) Letter

Dear Ms. Dwyer:

Appellant McCain brings to this Court's attention a decision, *Lieff Cabraser Heimann & Bernstein, LLP v. Labaton Sucharow LLP*, No. 21-1069 (1st Cir. Feb. 9, 2022), that has nothing to do with the issues in this appeal. In so doing, McCain acknowledges, as he must, that (assuming *arguendo* they were even adopted by the district court) the points he made in objecting to class counsels' fee were discovered—or would have been discovered—by the court without his efforts and, thus, he did not provide a substantial benefit to the class.

McCain contends that "[o]bjectors should not be denied fees on the premise that the court would have found the needle in the haystack regardless." First, McCain neglects that his *per capita* analysis had already been "found" through the earlier analysis by Mr. Ratner upon which the court relied (and McCain himself cited). (ER-4) Second, the court discounted Professor Miller's declaration for reasons not raised by McCain at all. (ER-4-5) And third, McCain's clarification of the *Equifax* fee was hardly akin to finding a needle in a haystack given its ubiquity in the *Equifax* order cited by plaintiffs in their motion for final approval. (ER-5)

"It may sometimes be appropriate to award fees where an objector advances a point not previously made by other parties or objectors even if the Court would have *sua sponte* reached the same conclusion … Nevertheless, the threshold requirements remain that the objectors must 'contribute materially to the proceeding' and 'produce an improvement in the settlement worth more than the fee they are seeking.'" *Fraley v. Facebook, Inc.*, No. C 11-1726 RS, 2014 WL 806072, at *2 (N.D. Cal. Feb. 27, 2014) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277,

**Robbins Geller Rudman & Dowd LLP**

Ms. Molly C. Dwyer, Clerk
United States Court of Appeals
  for the Ninth Circuit
February 14, 2022
Page 2

288 (7th Cir. 2002)), *aff'd sub nom. Fraley v. Batman*, 638 F. App'x 594 (9th Cir. 2016); *see Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).

      The district court, having "closely scrutinized" McCain's request for fees, was well within its discretion in determining that McCain "did not increase the fund or 'substantially enhance[] the benefits to the class.'" (ER-6)

                                            Sincerely,

                                            Andrew S. Love

ASL:tjl

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 this letter contains 347 words.

4869-7657-5758.v1

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

## DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Francisco, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, California 94104.

2. I hereby certify that on February 14, 2022, I electronically filed the foregoing document: Letter to Clerk of Court re: FRAP 28(j) with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

3. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2022, at San Francisco, California.

*s/Andrew S. Love*
ANDREW S. LOVE